UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRYNNA HAYES and ADRIAN ROMINU<br><br>　　Plaintiffs,<br><br>v.<br><br>LOCKE SUPPLY CO., and RENWICK MATTHEW PIERRE<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Case No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Defendants Locke Supply Co. and its driver, Renwick Matthew Pierre, drove a tractor trailer too fast for conditions and in violation of a host of federal and state laws and regulations and inflicted on Plaintiffs, Brynna Hayes and Adrian Rominu, the tragic consequences such rules are intended to prevent—catastrophic and life-altering injuries. Plaintiffs therefore file this action to obtain relief arising out of the injuries that Defendants negligently and wantonly caused.

## PARTIES

2. Adrian Rominu is a California citizen and lives in Redlands, California.

3. Brynna Hayes is a California citizen and lives in Redlands, California.

4. Defendant Renwick Matthew Pierre is an Oklahoma citizen who lives in Oklahoma County, Oklahoma, and who may be served with process at 2125 NW 115th Ter, Oklahoma City, Oklahoma 73120, or wherever he may be found.

5. Defendant Locke Supply Co. (Company Number 1900324688) is also an Oklahoma citizen because it is an Oklahoma corporation with its principal place of business in Oklahoma, who may be served with process through its registered agent, John Orman, 1300 SE 82nd Street, Oklahoma City, Oklahoma 73149.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1332 because Plaintiffs and the Defendants are completely diverse, and Plaintiffs seek recovery of more than $75,000.00 in this action.

7. Venue is proper in this district because Defendants crashed into and caused injuries to Plaintiffs in Denton County, Texas, which is within this judicial district.

## FACTS

8. On May 24, 2022, it started raining as Adrian Rominu directed a Dodge Ram pickup with his then-fiancée (now wife), Brynna Hayes, northbound on I-35E through Denton County.

9. As the coupled traveled up the wet highway, Rominu hit some pooled water, hydroplaned, and then struck a barrier on the highway's far-right side.

10. Neither Mr. Rominu nor Ms. Hayes sustained *any* injuries despite hydroplaning and striking the barrier.

11. Once the vehicle came to a stop, Rominu exited the vehicle to check on Hayes, his passenger, confirmed that each of them were completely unharmed, and began assessing the situation and vehicle's condition.

12. During this time, Renwick Matthew Pierre, drove Locke Supply Co.'s Freightliner Semi-Truck Cascadia 126 while hauling a full-sized trailer at high speeds northbound in the fast lane of I35E near Plaintiffs' position.

13. Given not only his vehicle's massive weight and size, but the laws and regulations that apply to his trade, Defendant Pierre should have been driving at a reduced speed, one safe and suitable for the wet and rainy conditions.

14. In fact, under applicable federal and state commercial driving standards (which require commercial drivers to reduce their speed by roughly a third of the

posted limit), the conditions then present should have caused Defendant Pierre to reduce his speed from the posted limit of 70 mph to around 47 mph.

15. Tragically, Locke Supply Co. and its driver, Pierre, violated that rule.

16. Driving in the fast lane on wet roads and in rainy conditions, Pierre maintained a speed of nearly 70 miles per hour as he approached Plaintiffs' vulnerable position off the side of the road.

17. In fact, data from Pierre's truck confirms that his throttle was nearly 100% down, meaning he was trying on increasing his speed even further.

18. Increasing speed as he approached Rominu and Hayes and traveling at "a speed greater than reasonable and prudent under the conditions and having regard for actual and potential hazards then existing," Pierre lost control of his truck and trailer, "crossed all northbound lanes" of traffic, "jack-knifed" his rig, and crashed into the median on the right side of the highway where Plaintiffs then sat idle. *See* Exhibit 1 (Crash Report).

19. Unable to stop his massive and now out-of-control rig, Defendant Pierre violently slammed his rig into the passenger side of the Dodge Ram in which Plaintiffs were sitting and then dragged the vehicle another than 100 feet before finally coming to a stop—the Dodge grinding against the concrete median the entire way.

20. By the time the dust, sparks, and debris stopped flying, Defendant Pierre and Locke Supply Co.'s Freightliner Truck had catastrophically and permanently injured both Mr. Rominu and Ms. Hayes.

21. Police and medical personnel arrived at the crash site and made findings in a Crash Report. **Exhibit 1**.

22. Relying on data pulled from the Freightliner Truck's blackbox, the police listed Pierre as a contributing factor of the crash.



23. The diagram above , taken from the police report, shows the destructive path of Lock Supply's Freightliner Truck. **Exhibit 1 at 3.**

24. A true and correct copy of the report is attached as **Exhibit 1**.

25. As a result of Defendant Pierre's and Defendant Locke Supply Co.'s failure to heed basic safety rules, Rominu suffered severe injuries as a result of Defendant Pierre's and Defendant Locke Supply Co.'s actions leading to this crash including: fractures to his vertebrae, multiple fractured ribs, a fractured sternum, collapsed lung ("pneumothorax"); scalp contusions; cuts to his head and limbs; and extreme road rash on his right lower extremity from being dragged against the median by the Freightliner.

26. Hayes's injuries were even worse: fractures to her right femur and ankle; pelvic fractures; scalp contusions; 12 rib fractures; multiple fractures to her sternum; cuts to her head and limbs; and profound injuries to her vital organs.

27. In fact, Pierre and Locke Supply injured Hayes so severely that her doctors placed her into a medically induced coma so they could perform the numerous and painful surgeries and other medical procedures needed to save her life and repair her broken body.

28. As of the date of this filing, over 100 days after the crash, both Rominu and Hayes are still enduring medical treatment, and Hayes is still largely confined to a wheelchair.

29. Whether Hayes will ever walk normally again or ever be free of the intense pain she now endures daily, is far from certain.

30. Equally uncertain is the full extent of her injuries and the potential future complications resulting from such injuries, and whether Rominu's injuries (including to his spine) will ever heal or how those injuries might impact his career in the medical field.

31. What is clear, however, is that at the young age of 23, the trajectory of the Plaintiffs' lives has changed forever.

32. Pierre and Locke Supply's failure to follow simple rules will now require a *lifetime* of future medical care for Plaintiffs and a number of future surgeries just to help them maintain the basic functions of life.

33. Plaintiffs' lives and health will never be the same.

## CAUSES OF ACTION

### Count I: Negligence
### (All Defendants)

34. Plaintiffs incorporate paragraphs 1–33 as if set forth in full here.

35. As the driver of the FreightLiner Semi-Truck Cascadia 126, Defendants owed Plaintiffs certain duties to drive safely and otherwise follow applicable rules and regulations while navigating I-35.

36. Defendants breached those duties in numerous ways, including by failing to observe basic safety measures that, if followed, would have insured Plaintiffs' safety.

37. Locke Supply is responsible for Pierre's conduct because Pierre acted on Locke Supply's behalf (whether as Locke Supply Co.'s employee or agent): Pierre navigated his vehicle on Locke Supply's behalf at Locke Supply's behest and for Locke Supply's commercial benefit.

38. But for the Defendants' breaches of these duties, Plaintiffs would not have been injured.

39. Plaintiffs are therefore entitled to the following damages as a result of Defendants' breaches of their duties of care:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services in the Eastern District of Texas;

    b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c. Actual damages;

    d. Lost wages;

    e. Past, present, and future medical expenses for physical, emotional, and mental health;

    f. Diminished earning power or earning capacity in the past and in the future; and

    g. Damages awarded for the purpose of compensating Plaintiffs for physical pain and suffering, mental or emotional pain or anguish, loss of consortium, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of lie, and all other nonpecuniary losses of any kind in the past and the future.

## Count II: Negligent Hiring or Retention
## (Locke Supply Co.)

40. Plaintiffs incorporate paragraphs 1–33 as if set forth in full here.

41. Not only is Locke Supply Co. liable for Defendant Pierre's negligence as Defendant Pierre's principal, but Locke Supply Co. is also directly liable to Plaintiffs for breaching duties of care in Pierre's hiring or retention.

42. As an employer of hundreds of drivers like Pierre, Locke Supply Co. has a duty to ensure that the drivers it hires or otherwise uses will perform that job safely, such as by conducting background checks and providing sufficient rules and training that ensure safe operation of company vehicles or vehicles used to accomplish Locke Supply Co.'s business.

43. Locke Supply Co. also has a duty *after* hiring or otherwise contracting with its drivers to (1) ensure they continue safe operation of vehicles used to accomplish Locke Supply Co.'s business and meet Locke Supply Co.'s rules and expectations, and (2) terminate those who violate those rules and expectations.

44. Here, however, Pierre had citations and other infractions, whether before or after his hiring, that Locke Supply Co. either knew about or should have known about and that would have caused a reasonable company in Locke Supply Co.'s position to refuse to hire Pierre or to terminate its relationship with him.

45. But for Locke Supply Co.'s breach of these duties, Pierre would not have been behind the wheel of the rig he drove into Plaintiffs' vehicle on May 24, 2022, or, at least, would have operated the vehicle safely and thus prevented the tragedy from happening.

46. Plaintiffs are therefore entitled to the following damages as a result of Locke Supply Co.'s breaches of its duties of care:

> a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services in the Eastern District of Texas;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Actual damages;

d. Lost wages;

e. Past, present, and future medical expenses for physical, emotional, and mental health;

f. Diminished earning power or earning capacity in the past and in the future; and

g. Damages awarded for the purpose of compensating Plaintiff for physical pain and suffering, mental or emotional pain or anguish, loss of consortium, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of lie, and all other nonpecuniary losses of any kind in the past and the future.

## PRAYER FOR RELIEF

47. Based on the foregoing, Plaintiffs respectfully pray that the Court enter judgment against Defendants awarding Plaintiffs the following relief:

a. An award of actual and consequential or special damages as pleaded in this complaint;

b. An award of pre- and post-judgment interest; and

c. All other relief to which Plaintiffs may be entitled, whether at law or in equity.

| | |
|---|---|
| Dated: September 7, 2022 | Respectfully Submitted, |

*/s/ Michael C. Pomeroy*
E. Leon Carter
Texas State Bar No. 03914300
lcarter@carterarnett.com
Joshua J. Bennett
Texas State Bar No. 24059444
jbennett@carterarnett.com
Bradley D. Liddle
Texas State Bar No. 24074599
bliddle@carterarnett.com
Michael Pomeroy
Texas State Bar No. 24098952
mpomeroy@carterarnett.com
Monica Goff
Texas State Bar No. 24102101
mgoff@carterarnett.com

**CARTER ARNETT PLLC**
8150 N. Central Expy,
Suite 500
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214) 550-8185


Charla G. Aldous
State Bar No. 20545235
caldous@aldouslaw.com
Brent R. Walker
State Bar No. 24047053
bwalker@aldouslaw.com
Caleb Miller
State Bar No. 24098104
cmiller@aldouslaw.com

**Aldous \ Walker LLP**
4311 Oak Lawn, Suite 150
Dallas, TX 75219
Phone: (214) 526-5595
Fax:  (214) 526-5525

**ATTORNEYS FOR PLAINTIFFS**