# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BRYNNA HAYES, and ADRIAN ROMINU § § § *Plaintiffs,* § § v. § § LOCKE SUPPLY CO., and RENWICK MATTHEW PIERRE, § § § *Defendants.* § | Civil Action No. 4:22-cv-767 Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses of Contributory Negligence or Comparative Fault (Dkt. #49). Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses of Contributory Negligence or Comparative Fault should be **GRANTED.**

### BACKGROUND

This case is for personal injury damages from a vehicular collision on Interstate 35 (Dkt. #81 at 8–31). On September 7, 2022, Plaintiffs Brynna Hayes ("Hayes") and Adrian Rominu ("Rominu") brought suit against Defendants Locke Supply Co. ("Locke") and Renwick Matthew Pierre ("Pierre") for negligence and negligent hiring or retention (Dkt. #1). Hayes and Rominu's current complaint only asserts a claim of negligence against Locke and Pierre (Dkt. 81). As an affirmative defense, Pierre and Locke assert that Hayes and Locke are comparatively negligent (Dkt. #89 ¶¶53–55).

On May 24, 2022, Hayes and Rominu were in a vehicular collision on Interstate 35-East. At this time, the weather was stormy and raining (Dkt. #62, Exhibit 3 at p. 9). Hayes and Rominu were driving in a vehicle driving at approximately 77 miles per hour (Dkt. #49, Exhibit 1 at p. 33). The speed limit on the road was 70 miles per hour (Dkt. #49, Exhibit 1 at p. 33). In the far-left lane, the vehicle started skidding on the wet and slippery roadway surface (Dkt. #49, Exhibit 1 at p. 33). Then, the vehicle's left side struck the concrete barrier in the center median (Dkt. #49, Exhibit 1 at p. 33). Subsequently, the vehicle bounced to the right off the concrete barrier, crossing all four lanes on the highway, and collided with the concrete barrier on the right shoulder of the highway (Dkt. #49, Exhibit 1 at p. 33). Finally, the vehicle came to a complete rest, with its front in the right should of the highway and its back in the far-right lane of the highway (Dkt. #49, Exhibit 1 at p. 33).

Several minutes after this first collision, a second collision occurred (Dkt. 49, Exhibit 1 at p. 15). Pierre was driving a semi-trailer truck in the far-left lane of Interstate 35-East at between 65 and 70 miles per hour (Dkt. #49, Exhibit 1 at pp. 24, 29). The semi-trailer truck lost control on the wet roadway surface and began to fishtail (Dkt. #49, Exhibit 1 at p. 24). Then, the semi-trailer truck spun out to the right, jack-knifed, and crossed all lanes of the highway, ultimately colliding with the concrete barrier in the right shoulder (Dkt. #49, Exhibit 1 at p. 24). At this point, the semi-trailer truck, still moving forward, collided with Hayes and Rominu's vehicle (Dkt. #49, Exhibit 1 at p. 24). Finally, the semi-trailer truck came to a rest in the middle of the highway (Dkt. #49, Exhibit 1 at p. 24).

According to an investigator, the first collision "ha[d] already been stabilized when the second [collision] happened" (Dkt. #49, Exhibit 1 at p. 15). The same investigator also claims that

"Rominu['s vehicle] did not contribute to [] Pierre's inability to control his [semi-trailer] truck" (Dkt. #49, Exhibit 1 at p. 19).

On October 27, 2023, Hayes and Rominu filed the present motion for partial summary judgment on Pierre and Locke's affirmative defenses of contributory negligence or comparative fault (Dkt. #49). On November 16, 2023, Pierre and Locke filed a response (Dkt. #62). On November 22, 2023, Hayes and Rominu filed a reply (Dkt. #66). On November 29, 2023, Pierre and Locke filed a sur-reply (Dkt. #69). On December 18, 2023, the Court held a hearing on the present motion.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of

3

material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence."

## ANALYSIS

The sole question before the Court is whether the facts of the case are legally sufficient to establish causation between Hayes and Rominu's alleged negligence and their injuries. The Court considers whether Hayes and Rominu's conduct was too attenuated from their resulting injuries to be a proximate cause in bringing about that harm.

Hayes and Rominu argue that Texas law precludes Locke and Pierre's affirmative defense of comparative fault because Hayes and Rominu's conduct was a not a proximate cause of their injuries (Dkt. #49 at pp. 7–8). "The undisputed evidence in the record is that [Hayes and Rominu's] crash [] 'had stabilized when the second [collision] happened'" (Dkt. #49 at p. 7). The evidence shows that no proximate causation exists because "Locke and Pierre's best evidence shows nothing more than that 'if Mr. Rominu's vehicle had not lost control it would not have been present there for Mr. Pierre's vehicle to make contact with'" (Dkt. #49 at p. 7). Hayes and Rominu point to various cases to support their argument, including *Bell v. Campbell* (*See generally*, Dkt. #49; Dkt. #66). 434 S.W.2d 117 (Tex. 1968).

In response, Locke and Pierre argue that proximate causation is present because Hayes and Rominu "caused a dangerous obstruction of a highway through [] negligent conduct, and failed to take reasonable measures to seek a safer location given the precarious position of their vehicle in a traffic lane of a major interstate highway" (Dkt. #62 at p. 17). "Both should have foreseen that their collision could result in other additional collisions before preventative action could be taken, as 'the negligence of other drivers is omnipresent'" (Dkt. #62 at p. 17). Locke and Pierre attempt to distinguish the authorities that Hayes and Rominu cite, including *Bell* (*See generally* Dkt. #62; Dkt. #69).

Under Texas law, the elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Center of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Proximate causation has two elements: (1) cause in fact and (2) foreseeability. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v/ Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 122 (Tex. 2009). "Cause in fact must be established by

5

proof that (1) the negligent act or omission was a substantial factor in bringing about the harm at issue, and (2) absent the negligent act or omission ("but for" the act or omission), the harm would not have occurred." *Id.* However, "cause in fact is not established where the defendant's negligence does no more than furnish a condition which makes the injuries possible." *IHS Cedars Treatment Center of DeSoto, Tex., Inc.*, 143 S.W.3d at 799. "In other words, the conduct of the defendant may be too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm." *Id.*

In *Bell*, the Supreme Court of Texas found that no proximate cause existed between a party's conduct in an initial car collision and multiple persons' injuries arising from a subsequent collision. 434 S.W.2d 117 (Tex. 1968). During a rainy day on Highway 67, a collision occurred between two vehicles, resulting in both vehicles being removed from the roadway and a trailer being turned over and stationary in a traffic lane. *Id.* at 119. Three individuals then entered roadway to remove the trailer from the highway. *Id.* at 118. Subsequently, a second collision occurred where another vehicle struck these three individuals, causing injuries to all three individuals. *Id.* The Supreme Court of Texas analyzed whether the second collision was a foreseeable result of the first collision. *Id.* at 120. "All forces involved in or generated by the first collision had come to rest, and no one was in any real or apparent danger therefrom." *Id.* "No one would have been injured if there had not been a second collision." *Id.* The first collision "created the condition that made the second collision possible. The active and immediate cause of the second collision, however, was an entirely independent agency." *Id.*

Hayes and Rominu analogize this case to *Bell*, claiming that "there was no evidence [that they] actively contributed in any way to the injuries involved in this suit" (Dkt. #66 at p. 3)

6

(internal citations omitted). "To the contrary, [their] actions simply created a condition which attracted [the good Samaritans] to the scene, where they were injured by a third party" (Dkt. #66 at p. 3) (internal citation omitted).

Locke and Pierre attempt to distinguish *Belle* from the facts of this case (Dkt. #69 at p. 8). They note that: (1) the collision in *Bell* occurred on a stretch of highway, (2) the driver who caused the second collision was drunk, (3) the Supreme Court of Texas found that the injuries to the individuals trying to remove the trailer was not foreseeable to the drivers involved in the first collision, and (4) *Bell* was decided long before Texas' current proportionate responsibility scheme (Dkt. #69 at p. 8). Further, Locke and Pierre point to various decisions by Texas intermediate appellate courts to suggest that Hayes and Rominu's conduct proximately caused their own injuries (Dkt. #69 at p. 8).

The Court finds the principles of *Bell* to be controlling in this case. *Bell* indicates that in a string of vehicular collisions, where "[a]ll forces involved in or generated by the first collision ha[ve] come to rest, and no one was in any real or apparent danger therefrom," no proximate causation exists between the drivers' conduct in the first collision and the injuries resulting from the later collisions. *See Bell*, 434 S.W.2d at 120. That the driver who caused the second collision was drunk in *Bell* does not change the Supreme Court of Texas' pivotal analysis that "[a]ll forces involved in or generated by the first collision had come to rest." *Id.*

The parties in this case do not dispute that the first collision "ha[d] already stabilized when the second [collision] happened" (Dkt. #49, Exhibit 1 at p. 15; Dkt. #62, Exhibit 3 at p. 9). Further, several minutes passed between the first collision and the second collision (Dkt. #49, Exhibit 1 at p. 15). "All forces involved in or generated by the first collision had come to rest, and no one was

in any real or apparent danger therefrom.". *See Bell*, 434 S.W.2d at 122. Thus, the condition that Hayes and Rominu's conduct created was not an active and efficient cause of their injuries. *See Bell*, 434 S.W.2d at 122. Therefore, the circumstances in this case are sufficient do not give rise to proximate causation between Hayes and Rominu's conduct and their injuries because Hayes and Rominu's injuries were not a foreseeable result of their allegedly negligent conduct. Despite the cases Locke and Pierre cite, *Bell* is controlling in this case.

The fact that Hayes and Rominu's conduct did not influence Pierre's allegedly negligent conduct further demonstrates that Hayes and Rominu's conduct was not a proximate cause of their injuries. No evidence in this case suggests that Hayes and Rominu caused Pierre's semi-trailer truck to travel at between 65 and 70 miles per hour in rainy weather, lose control on the wet roadway surface, spin out across all lanes of the highway, or collide with the concrete barrier in the highway's right shoulder Dkt. #49, Exhibit 1 at pp. 24, 29). Hayes and Rominu's vehicle had already been at rest on the rightmost portion of the highway and the right shoulder for several minutes, solely creating the condition that made the second collision possible (Dkt. #49, Exhibit 1 at p. 33). Therefore, the active and immediate cause of the second collision, Pierre's allegedly negligent conduct, was an entirely independent agency and Hayes and Rominu's injuries were not a foreseeable result of their allegedly negligent conduct.

Further, Locke and Pierre's argument that Texas proportionate responsibility statute should alter the Court's causation analysis is unavailing. Locke and Pierre claim that a genuine issue of material fact exists that Hayes and Rominu's conduct "caused or contributed to cause in any way" their alleged injuries (Dkt. #69 at pp. 4–7). *See Tex. Civ. Prac. & Rem. Code* § 33.003(a). This argument ignores that Hayes and Rominu's allegedly negligent conduct must still proximately

8

cause their injuries. *See*, *e.g.*, *K & K Inez Props., LLC v. Kolle*, No. 13-21-00460-CV, 2023 WL 8941487, at *11 (Tex. App.—Corpus Christi-Edinburg Dec. 28, 2023) (stating that to survive a motion to strike a responsible third party, the non-movant must produce evidence of each element of negligence, including proximate causation); *Tenaris Bay City Inc. v. Ellisor*, No. 14-22-00013-CV, 2023 WL 5622855, at *10 (Tex. App.—Houston [14th Dist.] Aug. 31, 2023) (explaining that to obtain a jury instruction regarding a responsible third party on the issue of negligence, the designating party must establish each element of negligence).

Hayes and Rominu have conclusively negated the element of causation for Locke and Pierre's affirmative defense of comparative negligence because Hayes and Rominu's injuries were not a foreseeable result of their allegedly negligent conduct. Therefore, the Hayes and Rominu have shown that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses of Contributory Negligence or Comparative Fault (Dkt. #49) is hereby **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED this 19th day of March, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE