# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BRYNNA HAYES, and ADRIAN ROMINU, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:22-CV-767 |
| | § | Judge Mazzant |
| LOCKE SUPPLY CO., and RENWICK MATTHEW PIERRE, | § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Leave to Designate Responsible Third Parties (Dkt. #92) and Plaintiffs' Emergency Motion to Strike Defendants' Untimely Supplemental Disclosures and Expert Report on the Issue of Responsible Third Parties and for Expedited Consideration (Dkt. #95). Having considered the motions and the relevant pleadings, the Court finds that Defendants' Motion for Leave to Designate Responsible Third Parties should be **DENIED** and that Plaintiffs' Emergency Motion to Strike Defendants' Untimely Supplemental Disclosures and Expert Report on the Issue of Responsible Third Parties and for Expedited Consideration should be **GRANTED.**

## BACKGROUND

This case is for personal injury damages arising from a vehicular collision on Interstate 35 (Dkt. #81 at 8–31). On September 7, 2022, Plaintiffs Brynna Hayes ("Hayes") and Adrian Rominu ("Rominu") brought suit against Defendants Lock Supply Co. ("Locke") and Renwick Matthew Pierre ("Pierre") for negligence and negligent hiring or retention (Dkt. #1). Hayes and Rominu's current complaint only asserts a claim of negligence against Locke and Pierre (Dkt. 81).

This dispute is not the first pretrial conflict between the parties. Discovery was originally set to close in this case on October 31, 2023 (Dkt. #12). However, Hayes and Rominu provided over 3,000 pages of medical records to Locke and Pierre on November 8, 2023 (Dkt. #88 at pp. 1–2). Disclosure of expert testimony on issues for which the party does not bear the burden of proof was previously due on August 28, 2023 (Dkt. #21). Yet, Locke and Pierre designated multiple expert witnesses after this deadline (Dkt. #88). Although independent grounds existed to exclude both the late disclosed evidence and the late designated witnesses, the Court did not do so "to secure the just, speedy, and inexpensive determination of this action" (Dkt. #88 at p. 2). Therefore, the Court reopened discovery until March 13, 2024 and extended the expert designation deadline for issues on which the party does not bear the burden of proof to January 15, 2023 (Dkt. #88 at p. 3). Subsequently, the Court created a new deadline for the disclosure of supplemental expert testimony on issues for which the party does not bear the burden of proof for February 5, 2024 (Dkt. #91).

On February 15, 2024, exactly 60 days before the day before trial is set to begin, Locke and Pierre filed a motion for leave to designate responsible third parties pursuant to Texas Civil Practice & Remedies Code § 33.004(a) (Dkt. #92). Locke and Piere seek to add one (1) entity and eight (8) individuals to the case as responsible third parties that allegedly committed medical malpractice and caused Hayes's injuries (Dkt. #92 at pp. 10–11; Dkt. #99 at p. 9).[1] Attached to the motion and after all deadlines to disclose expert testimony, Locke and Pierre included a declaration and "supplemental" expert report for their expert witness, Dr. Abie Mendelsohn (*See* Dkt. #88 at

---

[1] Locke and Pierre seek to designate "Columbia Medical Center of Denton Subsidiary, L.P. d/b/a Medical City Denton acting by and through its employees and agents," "Zachary A. Shields," "David J. Ross," "Thomas West," "Emmanual Sonaike," "Bradley Pillow," "Portia Schmidt," "John Riehl," and "Rebecca Constantino" (Dkt. #92 at pp. 10–11).

p. 3; Dkt. #91; Dkt. #92, Exhibit 2).[2] The parties contest the nature of Dr. Mendelsohn's February 15, 2024 expert report. Hayes and Rominu describe the February 15, 2024 expert report as containing new opinions that do not appear in Dr. Mendelsohn's original January 15, 2024 expert report (Dkt. #95 at pp. 8–9). In contrast, Locke and Pierre claim that the February 15, 2024 expert report merely "regurgitates [Dr. Mendelsohn's] expert report opinions" and that Dr. Mendelsohn "does not express new opinions" (Dkt. 99 at p. 10).

In mid-February 2024, Locke and Pierre provided supplemental discovery materials to Hayes and Rominu. On February 13, 2024, Locke and Pierre produced their second supplemental interrogatory response to Plaintiff's First Interrogatory (Dkt. #95, Exhibit 4). On February 15, 2024, Locke and Pierre produced their third supplemental interrogatory response to Plaintiff's First Interrogatory (Dkt. #95, Exhibit 5). The interrogatory at issue stated:

> If it is your position that you are not responsible for the damages sustained by the Plaintiffs, please explain in detail all factual bases for your refusal to accept responsibility in this matter. In so denying the Plaintiffs' claim, please identify each and every document, fact witness, expert witness, and other discoverable item that you claim will bolster your position that you are not responsible for Plaintiffs' damages.

(Dkt. #95, Exhibit 2). In February 2024, Locke and Pierre's second and third supplemental interrogatory responses for the first time identified the persons they now seek to designate as responsible third parties (Dkt. #95, Exhibit 4). Their earlier two (2) responses, dated January 23, 2023 and February 23, 2023 respectively, did not contain this information (Dkt. #95, Exhibits 2–3).

---

[2] The self-described affidavit attached to Locke and Pierre's motion constitutes an attempt to supplement Dr. Mendelsohn's original January 15, 2024 expert report. *See Allergan Sales, LLC v. Sandoz, Inc.*, 2:12-CV-207, 2016 WL 7209798, at *1 (E.D. Tex. Sep. 30, 2016)

On February 15, 2024, Locke and Pierre produced supplemental Rule 26 disclosures (Dkt. #95, Exhibit 6). For the first time, this supplemental disclosure listed as persons likely to have knowledge of Hayes and Rominu's claims all but one of the specific persons that Locke and Pierre now seek to designate as responsible third parties (Dkt. #95, Exhibit 6). Further, the initial Rule 26 disclosures only listed "[c]urrent and former employees, agents and custodian of records of Medical City De[n]ton" (Dkt. #95, Exhibit 1). However, none of Locke and Pierre's Rule 26 disclosures have listed any persons in the category of "[t]he name and, if known, address and telephone number of any potential parties to the action" (Dkt. #95, Exhibit 1, 6).

In April 2023, Hayes and Rominu produced medical records identifying Medical City Denton, David J. Ross, Emmanuel Sonaike, Bradley Pillow, Portia Schmidt, John Reihl, and Rebecca Constantino (Dkt. #95 at p. 4; *See* Dkt. #. 95, Exhibit 7). However, Locke and Pierre claim that they learned the desired responsible third parties caused Hayes's claimed throat injuries through medical malpractice through the production of medical records that Hayes and Rominu produced on November 8, 2023 (Dkt. #88 at pp. 1–2; Dkt. #99 at p. 9).[3]

On June 25, 2023, Locke and Smith provided a notice of intent to take a deposition by written questions to the custodian of records for "Medical City – Denton" (Dkt. #95, Exhibit 8). On May 25, 2023, Locke and Smith provided a notice of intent to take a deposition by written questions to the custodian of records for "John Riehl, MD" (Dkt. #95, Exhibit 9). On October 26, 2023, counsel for Locke and Pierre conducted a deposition of Hayes (Dkt. #10). At this deposition,

---

[3] Locke and Pierre note that Hayes and Rominu disclosed additional medical records on January 9, 2024, February 2, 2024, and February 13 2024 (Dkt. #99 at pp. 11–12). However, Locke and Pierre do not claim that any information in these recently disclosed medical records was utilized in or otherwise prompted the February 15, 2024 expert report or supplemental Rule 26 disclosure and interrogatory responses (*See* Dkt. #99). Therefore, these recently disclosed medical records do not impact the Court's analysis.

counsel for Locke and Pierre asked Hayes about the medical treatment at issue (Dkt. #95, Exhibit 10 at pp. 2–4). However, counsel for Locke and Pierre did not ask Hayes any questions relating to potential medical malpractice (Dkt. #95, Exhibit 10).

In response to Locke and Pierre's motion for leave to designate responsible third parties, Hayes and Rominu filed Plaintiffs' Emergency Motion to Strike Defendants' Untimely Supplemental Disclosures and Expert Report on the Issue of Responsible Third Parties and for Expedited Consideration (Dkt. #95).[4] The Court ordered expedited briefing on this motion (Dkt. #97). Locke and Pierre filed a response to Hayes and Rominu's motion to strike (Dkt. #99). Hayes and Rominu filed a reply to Locke and Pierre's response (Dkt. #101).

Additionally, Hayes and Rominu filed a response to Locke and Pierre's motion for leave to designate responsible third parties on February 29, 2024 (Dkt. #103). On March 6, 2024, Locke and Pierre filed a reply to Hayes and Rominu's response (Dkt. #108). On March 7, 2024, Hayes and Rominu filed a sur-reply to Locke and Pierre's reply (Dkt. #109).

## LEGAL STANDARD

### I.   Motion for Leave to Designate Responsible Third Parties

In every cause of action based in tort under Texas law, the trier of fact is required to apportion responsibility among each claimant, defendant, settling person, and "responsible third party." TEX. CIV. PRAC. & REM. CODE §§ 33.002(a)(1), 33.003(a); *accord Challenger Gaming Sols., Inc. v. Earp*, 402 S.W.3d 290, 292 (Tex. App.—Dallas 2013, no pet.) (acknowledging that the proportional responsibility statute applied to "claims for negligence, fraud, products liability, and

---

[4] Plaintiffs' Emergency Motion to Strike Defendants' Untimely Supplemental Disclosures and Expert Report on the Issue of Responsible Third Parties and for Expedited Consideration contained a request for expedited briefing, which the Court granted (Dkt. #95; Dkt. #97).

any other conduct that violates an applicable legal standard") (internal quotations omitted). A responsible third party is defined as follows:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

TEX CIV. PRAC. & REM. CODE § 33.011(6). Section 33.004 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate . . . on or before the 60th day before the trial date." *Id.* § 33.004(a). The purpose of § 33.004 is to allow the trier of fact to allocate responsibility among all persons responsible for a claimant's injuries, "regardless of whether they are subject to the court's jurisdiction or whether there is some other impediment to the imposition of liability on them." *Galbraith Eng'g Consultants Inc. v. Pochucha*, 290 S.W.3d 863, 869 n.6 (Tex. 2009) (quoting 19 DORSANEO, TEXAS LITIGATION GUIDE § 291.03(2)(b)(i)(2009)).

## II.    Motion to Strike Untimely Expert Report

Parties must make timely expert-witness disclosures within the deadlines set by the Court's Scheduling Order. *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-CV-2255, 2019 WL 1436659, at *21 (N.D. Tex. Mar. 31, 2019) (citing FED. R. CIV. P. 26(a)(2)(D)). "A district court may grant a party leave to supplement an expert's report after the deadline in the scheduling order has expired, but only if good cause is shown under Rule 16(b)." *Id.*

The Court considers four (4) factors is evaluating whether good cause exists: (1) the explanation for the failure to timely disclose; (2) the importance of the testimony; (3) potential

prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

### III.    Motion to Strike Untimely Supplemental Discovery Responses

Federal Rule of Civil Procedure Rule 37(c) allows evidence that was not properly or timely disclosed to be excluded if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1). In determining the propriety of excluding evidence under Rule 37(c)(1), the Court considers four (4) factors: (1) the party's explanation for its failure to disclose evidence; (2) the importance of the evidence; (3) the prejudice, if any, to the party opposing the admission of the evidence; (4) the possibility of curing any prejudice with a continuance. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

**ANALYSIS**

Three (3) primary issues lie before the Court: (1) whether the Court should grant, deny, or strike Locke and Pierre's motion for leave to designate responsible third parties; (2) whether the Court should strike Dr. Mendelsohn's February 15, 2024 expert report; and (3) whether the Court should strike Locke and Pierre's supplemental Rule 26 disclosure and interrogatory responses, to the extent they relate to the desired responsible third parties. Additionally, the Court briefly addresses Hayes and Rominu's request for sanctions.

### I.    The Court Finds that It Should Deny Locke and Pierre's Motion for Leave to Designate Responsible Third Parties

The Court considers whether to apply Texas Civil Practice and Remedies Code § 33.004(a)'s requirement that a motion for leave to designate a responsible third party "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the

motion to be filed at a later date" (the "Filing Deadline"). Tex. Civ. Prac. & Rem. Code § 33.004(a). First, the Court determines whether the Filing Deadline conflicts with any Federal Rule of Civil Procedure and whether that Federal Rule of Civil Procedure is a valid exercise of Congress' rulemaking authority. Second, the Court considers by what point a party should file a motion for leave to designate a responsible third party if the Filing Deadline does not apply in federal court. Third, the Court analyzes whether Locke and Pierre have shown good cause for the untimely filing of their motion for leave to designate responsible third parties.

The issue before the Court is whether the Filing Deadline applies to federal courts exercising diversity jurisdiction. The Court considers a party's ability to designate a responsible third party to which the fact finder allocates a percentage of responsibility for causing the harm for which recovery of damages is sought, as opposed to the procedures governing when such a designation can be made, to be substantive state law. *See*, *e.g.*, *Withers v. Schnieder Nat'l Carriers, Inc.*, 13 F. Supp.3d 686, 688 (E.D. Tex. 2014); *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, No. H–08–1774, 2011 WL 5920930 (E.D. Tex. Nov. 28, 2011).

## A. The Filing Deadline Conflicts with Federal Rule of Civil Procedure 16 and Neither Party Challenges the Validity of Federal Rule of Civil Procedure 16

Locke and Pierre argue that the Court should follow other decisions from the Sherman Division of the United States District Court for the Eastern of Texas and find that the Filing Deadline is a substantive state law (Dkt. #108 at pp. 2–4). *See*, *e.g.*, *Brown v. M & N Eaves*, No. 4:21-CV-959, 2023 WL 359497, at *4–5 (E.D. Tex. Jan. 23, 2023).

In response, Hayes and Rominu claim that the Court should apply *Passmore v. Baylor Health Care System* and *Klocke v. Watson* to determine that Federal Rules of Civil Procedure 8, 12, 16, and 56 preclude applying the Filing Deadline in federal court (Dkt. #103 at pp. 5–11; Dkt. #109 at pp. 3–

4). Specifically, Hayes and Rominu assert that these rules are sufficiently broad to control the issues that the Filing Deadline addresses (Dkt. #103 at pp. 7–11). Regarding Federal Rule of Civil Procedure 16, Hayes and Rominu argue that the rule requires courts to limit the time to file motions (Dkt. #103 at p. 10). By contrast the Filing Deadline requires courts to "deem[] every motion for leave timely if filed within 60-days of trial and even if, as here, the pleading, discovery, and motions deadlines expired long ago" (Dkt. #103 at p. 10). The Court only addresses whether Federal Rule of Civil Procedure 16 conflicts with the Filing Deadline because it is dispositive.

The Fifth Circuit has established a framework to determine whether a state law is inapplicable in federal court due to a conflict with a Federal Rule of Civil Procedure. *Klocke*, 936 F.3d at 245. "[A] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule Civil Procedure answers the same question as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Id.* at 244 (quoting *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015). The Fifth Circuit applies this analysis before deciding whether a state law is procedural or substantive for purposes of *Erie* because "determining whether the state law is procedural or substantive may prove elusive." *Id.* "Courts do not 'wade into *Erie*'s murky waters unless the federal rule is inapplicable or invalid.'" *Id.* at 245 (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

"A state law directly collides with a Federal Rule if it provides a different answer to the question in dispute." *Passmore*, 823 F.3d at 296. "The inquiry is whether the scope of the Federal Rule is sufficiently broad to control the issue before the court, such that it answers the same question as the state law." *Id.* at 297 (internal citations omitted).

Federal Rule of Civil Procedure 16 directly conflicts with the Filing Deadline because Federal Rule of Civil Procedure 16 is sufficiently broad to control the issue before the Court. The rule requires the Court to issue a scheduling order that limits the time to file motions. FED. R. CIV. PROC. 16(b)(3)(A). However, the Filing Deadline requires, with limited exceptions, that the Court deem timely a motion for leave to designate a responsible third party if it is filed on or before the sixtieth day before the trial date. TEX. CIV. PRAC. & REM. CODE § 33.004(a); *Withers*, 13 F. Supp.3d at 686, 687.

The conflict between Federal Rule of Civil Procedure 16 and the Filing Deadline mirrors the collision between rules in *Passmore*. 823 F.3d 292. The Fifth Circuit compared Texas Civil Practice & Remedies Code § 74.351 to Federal Rule of Civil Procedure 26(a). *Id.* at 296–97. While Federal Rule of Civil Procedure 26(a)(2)(D) requires the parties disclose expert reports "at the times and in the sequence that the court orders," Texas Civil Practice & Remedies Code § 74.351 requires that a defendant disclose certain expert reports no later than 120 days after the filing his or her original answer in health care liability cases. FED. R. CIV. PROC. 26(a)(2)(D); TEX. CIV. PRAC. & REM. CODE § 74.351. Therefore, the Fifth Circuit found that although the rules are not identical in scope, Federal Rule of Civil Procedure 26(a) was sufficiently broad to control the issue before the court and answered the same question of "whether a plaintiff's failure to serve an expert report within 120 days of the defendant's answer mandates the dismissal of the action." *Passmore*, 823 F.3d at 297.

Both Federal Rule of Civil Procedure 16 and the Filing Deadline answer the same question of when a party may file a motion for leave to designate a responsible third party. FED. R. CIV. PROC. 16(b)(3)(A); TEX. CIV. PRAC. & REM. CODE § 33.004(a). Although these rules are not

identical, the Filing Deadline creates a mandatory deadline by which a party must file a motion for leave to designate a responsible third party, a requirement that Federal Rule of Civil Procedure 16 lacks. FED. R. CIV. PROC. 16(b)(3)(A); TEX. CIV. PRAC. & REM. CODE § 33.004(a). Therefore, Federal Rule of Civil Procedure 16 is sufficiently broad to control the issue before the Court.

The Court does not need to consider whether Federal Rule of Civil Procedure 16 is valid under the Rules Enabling Act. Locke and Pierre never argued that Federal Rule of Civil Procedure 16 is invalid under the Rules Enabling Act because the rule "abridge[s], enlarge[s] or modify[s] any substantive right." *See* 28 U.S.C. § 2072(b). Therefore, the Court finds that Locke and Pierre have waived any argument that Federal Rule of Civil Procedure 16 is invalid under the Rules Enabling Act. *See Salazar v. Allstate Tex. Lloyd's*, No. H-17-00191, 2017 WL 6885400, at *2 (S.D. Tex. Mar. 15, 2017).

Federal Rule of Civil Procedure 16 is sufficiently broad to control the issue before the Court and no party has shown that the rule is invalid under the Rules Enabling Act. Therefore, the Court declines to apply the Filing Deadline to this case.

### B.    A Party Must Submit a Motion for Leave to Designate a Responsible Third Party by the Dispositive Motions Deadline in the Scheduling Order

The Court's finding that the Filing Deadline does not apply in federal court naturally raises the question of by what point must a party file a motion for leave to designate a responsible third party. The Court elects to follow precedent of the United States District Court of the Western District of Texas to find that a party must file a motion for leave to designate responsible third parties by the dispositive motions deadline specified in the governing scheduling order.

Federal courts in the Western District of Texas require parties to file motions to designate responsible third parties by the dispositive motions deadline. *Am. Home Assurance Co. v. Medina*,

No. 1:21-CV-00126, 2022 WL 1957807, at *2 (W.D. Tex. June 6, 2022) ("District courts in the Western District of Texas require motions to designate responsible third parties to be filed by the dispositive motion deadline in the Rule 16(b) scheduling order."); *Aguilar v. Pick Five Imps., Inc.*, No. SA-21-CV-01048, 2022 WL 1570627, at *2 (W.D. Tex. May 27, 2022) (stating that the plaintiff must file a motion to strike a responsible third party no later than the dispositive motions deadline); *Al-Khawaldeh v. Tackett*, 1:20-CV-1079, 2021 WL 5986053, at *4 (W.D. Tex Dec. 16, 2021), *report and recommendation adopted*, No. 1:20-CV-1079, 2022 WL 2718537 (W.D. Tex. Jan. 20, 2022) ("District courts in the Western District of Texas require motions to designate responsible third parties to be filed by the dispositive motion deadline in the Rule 16(b) scheduling order.").

The dispositive motions deadline is an appropriate deadline for a party to submit a motion for leave to designate a responsible third party because the designation does not involve the joinder of parties. "Rather than requiring formal joinder, [Texas Civil Practice and Remedies Code § 33.004] provides a mechanism to designate responsible third parties who then may be apportioned fault." *Withers*, 13 F. Supp.3d at 688 (quoting *Muniz v. Stanley*, No. L–06–cv–126, 2007 WL 1100466, at *3 (S.D. Tex. April 11, 2007)). "Under [Texas Civil Practice and Remedies Code § 33.004] responsible third parties are not joined as parties—they are only designated as being responsible without being made parties to the suit." *Id*. Thus, the dispositive motions deadline, as opposed to a deadline to add parties to a case, is appropriate for a motion for leave to designate a responsible third party.

### C.     Locke and Pierre Untimely Filed Their Motion for Leave to Designate Responsible Third Parties and Have Not Shown Good Cause

On February 15, 2024, Locke and Pierre filed their motion for leave to designate responsible third parties, approximately three (3) months after the dispositive motions deadline (Dkt. #12 at p. 2; Dkt #92). The dispositive motions deadline in this case was November 21, 2023 (Dkt. #12 at p. 2). "Rule 16(b) of the Federal Rules of Civil Procedure gives district courts broad discretion in enforcing the deadlines in their scheduling orders." *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020). Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be amended only for "good cause." FED. R. CIV. PROC. 16(b)(4). "The district court's discretion to allow amendment or modification of a pretrial order is guided by the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." (*Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (quoting *S&W Enters. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)) (cleaned up).

Locke and Pierre argue that "[e]ven if some good cause showing beyond the notice pleading under [Texas Civil Practice and Remedies Code § 33.004(g)] were required, [they] easily meet this standard" (Dkt. #92 at p. 10 n.1). Locke and Pierre claim that their retained expert furnished opinions on January 15, 2024, which necessitated their motion for leave to designate responsible third parties (Dkt. #92 at p. 10 n.1).

The first factor considers the explanation for the failure to timely move for leave to file the present motion. Although Locke and Pierre claim that their retained expert's January 15, 2024 opinion justifies their motion for leave to designate responsible third parties, this excuse does not

explain why they filed the motion ten (10) months after receiving the earliest information about the desired responsible third parties and three (3) months after receiving the most recent information about the desired responsible third parties. (Dkt. #88 at pp. 1–2; Dkt. #95 at pp. 3–4; *See* Dkt. #. 95, Exhibit 7; Dkt. #99 at p. 9). Locke and Pierre's explanation for their delayed filing of a motion for leave to designate responsible third parties despite having the underlying information for between three (3) and ten (10) months is tantamount to no explanation at all. *See S&W Enters, L.L.C.*, 315 F.3d at 536. Therefore, this factor weighs against Locke and Pierre.

The second factor considers the importance of the requested relief. As Locke and Pierre have not briefed their motion to address the issue of good cause under Federal Rule of Civil Procedure 16(b)(4), they have not shown how the relief they seek is important. However, courts have found that an amendment to a pleading is important where it "directly affects [a party's] prospects of ultimate recovery." *See*, *e.g.*, *The Richards Grp., Inc. v. Brock*, No. 3:06-CV-0799, 2008 WL 1722250, at *2 (N.D. Tex. Apr. 14, 2008). Akin to how an affirmative defense affects a plaintiff's prospects of ultimate recovery, the designation of fault to a responsible third party similarly affects a plaintiff's prospects of ultimate recovery. *See* TEX. CIV. PRAC. & REM. CODE § 33.003. Therefore, the Court assumes that this factor weighs in favor of Locke and Pierre.

The third factor considers potential prejudice in allowing the designation of responsible third parties. Although no party directly addresses this point with regard to Locke and Pierre's motion to designate responsible third parties, Hayes and Rominu address this issue in their briefing regarding their motion to strike (Dkt. #95 at p. 14; Dkt. #101 at p. 5). Therefore, the Court will consider these arguments with respect to the motion for leave to designate responsible third parties. Trial is less than a month away, and Hayes and Rominu will have to hire a rebuttal expert

and depose eight (8) or nine (9) individuals (Dkt. #95 at p. 14; Dkt. #101 at p. 5). This factor weighs against Locke and Pierre.

The fourth factor considers the availability of a continuance to cure any prejudice. Trial is less than a month away and a continuance is not available under the present circumstances. Therefore, this factor weighs against Locke and Pierre.

Assessing these factors holistically, the Court finds that Locke and Hayes have not demonstrated good cause to modify the Court's Scheduling Order. Therefore, the Court denies Locke and Pierre's motion for leave to designate responsible third parties.

## II.     The Court Finds that It Should Strike Locke and Pierre's Untimely Expert Report

The Court now addresses whether it should strike Dr. Mendelsohn's February 15, 2024 expert report. First, the Court addresses whether the February 15, 2024 expert report is a supplemental expert report. Next, the Court addresses whether good cause exists to allow Locke and Pierre's untimely filing of the February 15, 2024 expert report.

### A.     The February 15, 2024 Expert Report Is Not a Supplemental Expert Report

As a threshold matter, the Court first determines whether the February 15, 2024 expert report is a supplemental expert report or a new expert report. This determination determines when which deadline the February 15, 2024 expert report was due by. The Court's Scheduling Order governs the deadlines for expert disclosures. FED. R. CIV. P. 26(a)(2)(C); *Russell v. Wal-Mart Stores*, No. 1:06-CV-408, 2007 WL 9725186, at \*2 (E.D. Tex. Jun. 7, 2007) (expert disclosures must "be made at the times and in the sequence directed by the court").

Hayes and Rominu argue that Dr. Mendelsohn's February 15, 2024 expert report voices new opinions that were absent in his January 15, 2024 expert report (Dkt. #95 at pp. 8–9).

Specifically, Hayes and Rominu claim that Dr. Mendelsohn's new opinions are that the desired responsible third parties violated the standard of care (Dkt. #95 at p. 8).

Locke and Pierre argue that the February 15, 2024 expert report is a supplement to Dr. Mendelsohn's original January 15, 2024 report (Dkt. 99 at p. 11). They claim that Dr. Mendelson "regurgitates his expert report opinions, in a format suitable for supporting [a responsible third party] designation" in the February 15, 2024 expert report (Dkt. #99 at p. 10). Further, they claim that Dr. Mendelsohn "does not express new opinions" in the February 15, 2024 expert report (Dkt. #99 at p. 10).

The "Federal Rules of Civil Procedure do not define what constitutes a supplemental expert report." *Charter Sch. Sol. v. GuideOne Mut. Ins. Co.*, No: EP-18-CV-61, 2019 WL 5258055, at *2 (W.D. Tex. Jun. 28, 2019). Consequently, what constitutes a supplemental expert report is not a clear-cut issue and "the distinction likely depend[s] on the facts of the case." *Charles v. Sanchez*, No. EP-13-CV-00193, 2015 WL 808417, at *8 (W.D. Tex. Feb. 24, 2015) (quoting *Gilbane Bldg. Co. v. Downers Grover Comm. High Sch. Dist.*, No. 02-C-2260, 2005 WL 838679, at *8 (N.D. Ill. Apr. 11, 2005)).

Although not expressly defined by the Federal Rules, courts have found a supplemental report "necessarily contains information . . . not expressed in the original report, or there would be no need to supplement." *Charter Sch. Sol.*, 2019 WL 5258055 at *2. Other courts have distinguished a supplemental report by its purpose. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) ("[t]he purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement"). For example, a supplemental report "adds to a previously-served report without going beyond the opinions expressed in the report and

without using information available prior to the [supplement report's deadline]." *CEATS, Inc. v. TicketNetwork, Inc.*, No: 2:15-CV-01470, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018). It is a "revised expert report that is consistent with the core opinions expressed in the original expert report." *Gilbane*, 2005 WL 838679, at *8.

The February 15, 2024 expert report is not a supplemental expert report because it expresses a new opinion not present in Dr. Mendelsohn's January 15, 2024 expert report and is based on information that was available to Dr. Mendelsohn when he wrote his first expert report. For the first time in the February 15, 2024 expert report, Dr. Mendelsohn expressed that he believes the desired responsible third parties breached their standard of care while treating Hayes (Dkt. #95, Exhibit 14 at p. 2). Further, the facts underlying the February 15, 2024 expert report were available to Hayes and Rominu for months before Dr. Mendelsohn created either of his expert reports (Dkt. #88 at pp. 1–2; Dkt. #95 at p. 4; *See* Dkt. #. 95, Exhibit 7; Dkt. #99 at p. 9). Therefore, the February 15, 2024 expert report is not a supplemental expert report and was due by January 15, 2024 (Dkt. #91).

**B.    Good Cause Does Not Exist to Allow Locke and Pierre's Untimely Filing of the February 15, 2024 Expert Report**

Next, the Court considers whether good cause exists to allow Locke and Pierre's untimely filing of the February 15, 2024 expert report. The February 15, 2024 expert report is untimely because Locke and Pierre filed it a month after the January 15, 2024 deadline (*See* Dkt. #91; Dkt. #92). Therefore, Locke and Pierre must demonstrate that good cause exists to allow the untimely filing of the February 15, 2024 expert report. FED. R. CIV. P. 16(b)(4).

First the Court considers the explanation for the failure to timely disclose. Locke and Pierre have provided no explanation as to why they filed the February 15, 2024 expert report late

(Dkt. #99). Therefore, this factor weighs against Locke and Pierre. *See S&W Enters, L.L.C.*, 315 F.3d at 536.

Second, the Court considers the importance of the expert report. The Court's decision to not grant Locke and Pierre's motion to designate responsible third parties deprives the February 15, 2024 expert report of much of its importance. At most, this factor is neutral.

Third, the Court considers the potential prejudice in allowing the expert report. Hayes and Rominu argue that they face significant prejudice (Dkt #95 at p. 14). Hayes and Rominu claim that they must obtain a rebuttal expert, depose eight (8) or nine (9) individuals, and file motions for leave to seek summary judgment against Locke and Pierre's new defense involving responsible third parties (Dkt. #95 at p. 14). However, the potential prejudice to Hayes and Rominu has decreased due to the Court's decision to not grant Locke and Pierre's motion for leave to designate responsible third parties. Therefore, the Court finds this factor to be neutral.

Fourth, the Court considers the availability of a continuance to cure any prejudice. Trial is less than a month away and a continuance is not available under the present circumstances. Therefore, this factor weighs against Locke and Pierre.

Assessing these factors holistically, the Court finds that Locke and Hayes have not demonstrated good cause to allow the February 15, 2024 expert report. Therefore, the Court strikes Dr. Mendelsohn's February 15, 2024 expert report. However, the Court does not strike Dr. Mendelsohn's January 15, 2024 expert report.

## III. The Court Finds that It Should Strike Locke and Pierre's Supplemental Rule 26 Disclosure and Interrogatory Responses

The Court now addresses whether it should strike Locke and Pierre's supplemental Rule 26 disclosure and interrogatory responses. The specific supplemental disclosure and interrogatory

responses at issue are (1) the third paragraph of Locke and Pierre's Second Supplemental Answer to Interrogatory No. 12 in Plaintiff's First Interrogatories; (2) the third and fourth paragraphs of Locke and Pierre's Third Supplemental Answer to Interrogatory No. 12 in Plaintiff's First Interrogatories; and (3) the portion of Locke and Pierre's February 15, 2024 supplemental Rule 26 disclosure mentioning "Zachary A. Shields," "David J. Ross," "Portia Schmidt," "Thomas A. West," "Emmanuel O. Sonaike," "Bradley W. Pillow," and "Rebecca M. Constantino" as individuals likely to have discoverable information supporting the claims or defenses of the disclosing party (Dkt #95, Exhibit 4 at p. 2; Dkt. #95, Exhibit 5 at pp. 2–3; Dkt. #95, Exhibit 6 at pp. 4–5). First, the Court considers whether the supplemental disclosures and interrogatory responses were untimely. Second, the Court considers whether Locke and Pierre have demonstrated good cause to allow their untimely supplemental disclosure and interrogatory responses.

### A.    Locke and Pierre's Supplemental Rule 26 Disclosure and Interrogatory Responses Were Untimely

Hayes and Rominu argue that Locke and Pierre's Supplemental Rule 26 disclosure and interrogatory responses were untimely because Locke and Pierre knew the facts underlying their supplementations by several months (Dkt. #95 at p. 10–12). Therefore, Hayes and Rominu claim that Locke and Pierre should have disclosed this information (and theory) months before its February 2024 debut (Dkt. #95 at p. 12).

Locke and Pierre's briefing does not address whether their Rule 26 disclosure or interrogatory responses were timely (*See* Dkt. #99).

Federal Rule of Civil Procedure 26(e) provides "that parties must supplement discovery responses, including responses made to a request for production in a timely manner upon learning

19

that they are incomplete or incorrect." *Aikens v. Cent. Or. Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312712, at *4 (E.D. Tex. Sept. 22, 2021). This duty applies even if the discovery deadline has not yet passed. *Elbit Syss Land & C4I Ltd. v. Hughes Network Syss., LLC*, No. 2:15-CV-00037, 2017 WL 2651618, at *9–10 (E.D. Tex. June 20, 2017).

Locke and Pierre's supplemental Rule 26 disclosure and interrogatory responses were untimely because they waited for between three (3) and ten (10) months to correct the relevant information after learning that it was incorrect. As previously discussed, Locke and Pierre received information indicating that their discovery responses were incorrect sometime between April 2023 and November 8, 2023 Dkt. #88 at pp. 1–2; Dkt. #95 at p. 4; *See* Dkt. #. 95, Exhibit 7; Dkt. #99 at p. 9). However, Locke and Pierre did not take any action to correct this error until mid-February 2024 (Dkt. #95, Exhibits 2, 6).

### B. Locke and Pierre's Have Not Shown Good Cause to Allow Their Untimely Supplemental Rule 26 Disclosure and Interrogatory Responses

Next, the Court considers whether good cause exists to allow Locke and Pierre's untimely supplemental Rule 26 disclosure and interrogatory responses. Locke and Pierre must demonstrate that their untimely disclosures were either substantially justified or is harmless. FED. R. CIV. P. 37(c)(1).

First the Court considers the explanation for the failure to timely disclose. Locke and Pierre have provided no explanation for their untimely disclosures (Dkt. #99). Therefore, this factor weighs against Locke and Pierre. *See S&W Enters, L.L.C.*, 315 F.3d at 536.

Second, the Court considers the importance of the evidence. The Court's decision to not grant Locke and Pierre's motion to designate responsible third parties deprives the supplemental

Rule 26 disclosure and interrogatory responses of much of their importance. At most, this factor is neutral.

Third, the Court considers the potential prejudice in allowing the evidence. Hayes and Rominu argue that they face significant prejudice (Dkt #95 at p. 14). Hayes and Rominu claim that they must obtain a rebuttal expert, depose eight (8) or nine (9) individuals, and file motions for leave to seek summary judgment against Locke and Pierre's new defense involving responsible third parties (Dkt. #95 at p. 14). However, the potential prejudice to Hayes and Rominu has decreased due to the Court's decision to not grant Locke and Pierre's motion for leave to designate responsible third parties. Therefore, the Court finds this factor to be neutral.

Fourth, the Court considers the availability of a continuance to cure any prejudice. Trial is less than a month away and a continuance is not available under the present circumstances. Therefore, this factor weighs against Locke and Pierre.

Assessing these factors holistically, the Court finds that Locke and Hayes have not demonstrated that their untimely disclosures were either substantially justified or is harmless. Therefore, the Court strikes (1) the third paragraph of Locke and Pierre's Second Supplemental Answer to Interrogatory No. 12 in Plaintiff's First Interrogatories; (2) the third and fourth paragraphs of Locke and Pierre's Third Supplemental Answer to Interrogatory No. 12 in Plaintiff's First Interrogatories; and (3) the portion of Locke and Pierre's February 15, 2024 supplemental Rule 26 disclosure mentioning "Zachary A. Shields," "David J. Ross," "Portia Schmidt," "Thomas A. West," "Emmanuel O. Sonaike," "Bradley W. Pillow," and "Rebecca M. Constantino" as individuals likely to have discoverable information supporting the claims or defenses of the disclosing party.

**IV.     The Court Declines to Issue Sanctions Against Any Counsel or Party**

The Court finds that sanctions are inappropriate and declines to issue sanctions against any counsel or party.

**CONCLUSION**

It is therefore **ORDERED** that Defendants' Motion for Leave to Designate Responsible Third Parties (Dkt. #92) is hereby **DENIED**.

It is further **ORDERED** that Plaintiffs' Emergency Motion to Strike Defendants' Untimely Supplemental Disclosures and Expert Report on the Issue of Responsible Third Parties and for Expedited Consideration (Dkt. #95) is hereby **GRANTED**. Accordingly, the Court hereby **STRIKES** the following:

1.  Dr. Abie Mendelsohn's February 15, 2024 expert report;

2.  The third paragraph of Locke and Pierre's Second Supplemental Answer to Interrogatory No. 12 in Plaintiff's First Interrogatories;

3.  The third and fourth paragraphs of Locke and Pierre's Third Supplemental Answer to Interrogatory No. 12 in Plaintiff's First Interrogatories; and

4.  The portion of Locke and Pierre's February 15, 2024 supplemental Rule 26 disclosure mentioning "Zachary A. Shields," "David J. Ross," "Portia Schmidt," "Thomas A. West," "Emmanuel O. Sonaike," "Bradley W. Pillow," and "Rebecca M. Constantino" as individuals likely to have discoverable information supporting the claims or defenses of the disclosing party.

**IT IS SO ORDERED.**
**SIGNED this 25th day of March, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE